UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-178 (SRN/DTS)

United States of America,

    Plaintiff,

v.

Deveon Marquise Branch,

    Defendant.

**DEFENDANT DEVEON MARQUISE BRANCH'S APPEAL TO U.S. DISTRICT COURT JUDGE OF MAGISTRATE JUDGE'S ORDER FOR DETENTION WITHOUT BAIL**

Defendant, Deveon Marquise Branch, by and through his attorney, Glenn P. Bruder, Mitchell, Bruder and Johnson files this appeal to the U.S. District Court Judge for review of Magistrate Judge Thorson's Order of August 22, 2022 detaining Defendant without bail. The Defendant requests that he be released with bail or with such other conditions as are appropriate.

**I.     BASIS FOR REVIEW.**

18 U.S.C. §3145(b) permits a defendant to seek review of a magistrate judge's detention order. The statute provides:

> If a person is ordered detained by a magistrate judge…the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

When a magistrate judge's detention order is challenged, it must be independently assessed on a *de novo* basis. *United States v. Sazenski*, 806 F2d 846, 847 (8th Cir. 1986).

**II.    RELEVANT PERSONAL INFORMATION CONCERNING THE DEFENDANT.**

At the time of the detention hearing, the Magistrate Judge was aware the Defendant was age 28, had lived in Minnesota for 21 years, had a sister residing in Burnsville and a mother

1

living in Chaska, Minnesota. The Magistrate Judge was also aware the Defendant resided in Minneapolis, Minnesota with his partner, C.C., for the past five years. The Magistrate Judge also knew they were the parents of three children, also residing in the home.

The Magistrate Judge was also aware that Branch had been convicted of several misdemeanor offenses between age 20-22 and, at age 23, was involved in a felony offense which stemmed from a violent altercation with a former girlfriend. As a result of this incident, Branch was sentenced to 36 months in prison and released in 2020. He successfully completed probation and his sentence was terminated in March 2022. The Magistrate Judge was also aware, as a result of a May 2022 search, the Defendant was charged with a firearms offense in Hennepin County District Court. This was the same conduct charged in the federal indictment. In that prosecution, the Defendant was released from custody on May 27, 2022 and had complied with all of the conditions of his release until he was arrested in connection with this indictment.

In addition, by way of proffer, the Defendant presented information to the Magistrate Judge that:

- Defendant's attorney had spoken to Branch's partner, C.C., and she welcomed him to return to the parties' home.

- C.C. worked at two jobs: as a Hennepin County economic assistance officer and as a nurse's aid at Methodist Hospital. The Methodist Hospital position involved exclusively overnight shifts and the Defendant's partner relied on Branch to care for the children while she worked at Methodist Hospital.

- That Branch was employed on a full-time basis as an assistant manager at a Wendy's restaurant located near the Ridgedale shopping mall.

- In addition to this employment, Defendant was also engaged in a dog breeding endeavor, that one of Branch's dogs was pregnant and scheduled to delivery a litter of puppies on September 21.

- Branch's partner had recently undergone a surgical procedure for which a two-week recovery was anticipated. C.C. was in need of the Defendant's assistance to care for the parties' children during this timeframe.

### III. CURRENT CONDITIONS OF DEFENDANT'S CONFINEMENT.

As a result of the Magistrate Judge's order, the Defendant is confined at the Sherburne County Jail. Since the commencement of the Covid pandemic, the jail has barred in-person visits from attorneys and family members but visits using video conference technology may be possible.

### IV. THE MAGISTRATE JUDGE'S DECISION TO ORDER DEFENDANTS' PRETRIAL DETENTION WAS INAPPROPRIATE AND SHOULD BE MODIFIED.

In determining whether detention is warranted, 18 U.C.S. §3142(g) sets forth several criteria to be evaluated. The statute directs:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence…a federal crime of terrorism…
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person including—
>
> > (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct…
> >
> > (B) Whether at the time of the current offense or arrest that the person was on probation or parole or on other release pending trial, sentencing, appeal or completion of sentence…
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Candidly, these factors weighed both in favor and against detention. There is no question the offense charged was a serious one, but there is also no claim that the Defendant made any effort to use the firearm found during a search of his residence. The initial investigation of

Branch was premised on claims by a confidential informant (CI) asserting the Defendant was engaged in drug dealing. Those reports seem to have been at best, misguided, or at worst, utterly false. A search of the home and Defendant's vehicle revealed no controlled substances at all. No fentanyl, no heroin (the narcotics purportedly being marketed by Branch), no pills, no marijuana, no recreational drugs of any type. The police found no evidence of narcotics sales activity, no scales, no large quantities of packaging material, no narcotics paraphernalia.

Similarly, while the Defendant cannot deny his prior incarceration, it appears this had a significant rehabilitative effect on him. Branch obtained full-time employment when released from custody and started an entrepreneurial venture. Both he and his partner appear to be hard working individuals committed to raising their family together. The Defendant's ongoing confinement effects not only him, but his partner C.C., who now faces devastating economic consequences from the loss of Branch's income and the likely need to terminate her employment at Methodist Hospital as C.C. can no longer safely work an overnight shift without Branch to care for the parties' children.

Critically, the Defendant *had* been free without incident during the approximately two-month period between his arrest, the subsequent filing of state charges in Hennepin County, and his eventual indictment in U.S. District Court. During this period of time, the Defendant complied with his conditions of release in Hennepin County, had no additional contact with law enforcement authorities and appeared for all of his court appearances. Under these circumstances, the Magistrate Judge had demonstrable evidence that conditions could be established to assure both the Defendant's appearance in Court and the safety of the community.

Not only can release conditions be drafted to assure the safety of the community, but it appears plain the Defendant presents a low likelihood of flight. His mother, sister, life partner

4

and children are all residents of the Minneapolis/St. Paul area. The Defendant's ties to the community are long lasting and deep. Under the circumstances, even considering the Defendant's checkered history, the bulk of the factors presented to the Magistrate Judge weighed in favor of a pretrial release.

## CONCLUSION

For the above stated reasons, Defendant respectfully requests the court overrule his detention and order his release under such conditions as it deems appropriate.

Dated: August 31, 2022

Respectfully submitted,

MITCHELL, BRUDER & JOHNSON
*/s/ Glenn P. Bruder*
Attorney for Defendant
Attorney ID# 148878
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174