UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-cr-178 (SRN/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DEVEON MARQUISE BRANCH, )<br>)<br>Defendant. ) | GOVERNMENT'S OPPOSITION TO<br>DEFENDANT'S MOTION FOR<br>REVOCATION OF DETENTION ORDER |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Samantha H. Bates, Assistant United States Attorney, hereby submits its response in opposition to the defendant's motion to revoke his Order for Detention, issued by United States Magistrate Judge Becky R. Thorson on August 22, 2022. (DCD 12).

Mr. Branch is a self-admitted former gang member who unlawfully armed himself with an automatic firearm. The .40 caliber Glock pistol recovered from Mr. Branch's residence was equipped with a switch. A switch, also known as an auto sear, is a device which can be attached to a firearm. When attached, the device converts the firearm into a fully automatic weapon, or machinegun, and enables the firearm to fire continuously, without manual reloading, by a single function of the trigger. *See* Govt. Ex. 1, Bureau of Alcohol, Tobacco, Firearms and Explosives Demonstrative Video. A firearm with a switch releases a large number of bullets at one time and the power of the modified gun makes it extremely difficult for the user to control—especially an untrained user. As the United States noted at the detention hearing, there is a particular danger inherent in a

firearm modified with a switch and these devices are currently flooding our community. *See* Raiche, Ryan, "A Summer Under (Automatic) Fire," KTSP (September 8, 2022).[1]

Beyond being in possession of a particularly dangerous modified firearm, Mr. Branch has no legal justification for possessing the firearm in the first place. In addition to his current conduct, Mr. Branch has prior convictions for Second Degree Assault, Drive By Shooting, and Reckless Discharge of a Firearm Within a Municipality, all felonies which involve the dangerous use of a firearm. Bond Report at p. 5. In fact, these prior charges involved Mr. Branch shooting a firearm at his ex-girlfriend's car as she drove away with their mutual child who was only three years old at the time.

Given Mr. Branch's recent alleged criminal activity, his prior convictions involving the use of a firearm, and the factors listed in 18 U.S.C. § 3142(g), detention is well warranted on the risk of danger and risk of non-appearance grounds. Accordingly, the defendant's motion should be denied, and the Order for Detention should be affirmed.

ARGUMENT

Upon a motion for revocation or amendment of a magistrate judge's detention order under 18 U.S.C. § 3145(b), the district court judge having original jurisdiction over the offense reviews the detention determination de novo "and makes an independent determination of the proper pretrial detention or conditions for release," which can include "grounds other than those considered by the magistrate." *United States v. Maull*, 773 F.2d

---

[1] Available at https://kstp.com/kstp-news/top-news/a-summer-under-automatic-fire/.

1479, 1484-85 (8th Cir. 1985) (discussing with approval *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985)).

Under 18 U.S.C. § 3142(e), the Court shall order the detention of a defendant pending trial upon finding *either* clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community *or* a preponderance of evidence that no such conditions will reasonably assure the defendant's appearance as required in future proceedings. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention). The factors the judicial officer must consider in deciding detention are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involved a firearm;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Branch claims that he is not a danger to the community. DCD 16. His claim lacks merit. Here, all factors weigh significantly in favor of detention, and the record shows that no condition or combination of conditions would reasonably assure the safety of the community or Mr. Branch's future appearance in these proceedings. Accordingly, Mr. Branch's detention should be affirmed.

    A.   The Nature and Circumstances of the Offense

As noted above, Mr. Branch is charged with possessing a machinegun and being a felon in possession of a firearm after a loaded firearm with a switch device was recovered from his infant's bedroom from an easily accessible shelf. *See* Govt. Ex. 2.[2] There were five young children in the home at the time. Mr. Branch admitted in a post-Miranda statement to purchasing the firearm when he was released from prison while still on active supervision despite being prohibited from possessing firearms.[3] He acknowledged knowing that the pistol had been modified to make it fire automatically and admitted to firing it himself. In fact, Mr. Branch noted how scary it was when the gun went off. Beyond posing an incredible risk to his own family, the firearm recovered from Mr. Branch's home is a huge danger to the community at large—there is no situation where it would be reasonable for Mr. Branch to use this weapon even if he was not prohibited from possessing firearms. The nature and circumstances of the offense weighs in favor of detention.

---

[2] Photo taken by law enforcement of the firearm prior to recovery.
[3] Mr. Branch's video statement was previously disclosed to defense counsel and can be made available to the Court for review upon request.

B. <u>The Weight of the Evidence Against the Defendant</u>

The firearm was recovered from Mr. Branch's apartment during the execution of a search warrant. Mr. Branch fully admitted to possessing the firearm despite being a felon and being aware that it was equipped with a switch, which enabled it to shoot automatically. Therefore, this factor also weighs in favor of detention.

C. <u>The History and Characteristics of the Defendant</u>

Mr. Branch has a prior serious case assault case involving a firearm. As noted above, the case involved Mr. Branch firing shots at his ex-girlfriend's car during a domestic dispute. There were three occupants in the vehicle—including Mr. Branch's 3-year-old child. Mr. Branch admitted to purchasing the instant firearm immediately upon being released from prison after serving a 48-month sentence for this prior conviction—the deterrent effect of his prior sentence was clearly lacking.

Further, Mr. Branch argues that he needs to be at home taking care of his children and working, which completely ignores the fact that he had an extremely dangerous weapon accessible in his home where these same children reside. While the government sympathizes with Mr. Branch's partner, the fact that Mr. Branch being home would help her is not something that negates the danger posed by his conduct. This factor also weighs in favor of detention.

D. <u>The Nature and Seriousness of the Danger to any Person or the Community</u>

There is no legitimate reason for Mr. Branch to possess a firearm, especially a firearm that has been modified to shoot automatically. As previously noted, these modified guns are wreaking havoc around the country and the danger they pose cannot be

overstated. The government cannot even begin to fathom what could have happened if one of Mr. Branch's young children gained possession of his firearm, or if Mr. Branch attempted to shoot it in a public space.

    E. <u>Risk of Non-Appearance</u>

In addition to the clear danger concerns outlined above, Mr. Branch should also be detained because there is no set of release conditions that this Court could reasonably expect him to comply with, and that would assure his future appearance in these proceedings.

Mr. Branch argues that he remained out on bond for 2.5 months without incident in his Hennepin County case. As the Court is aware, how Hennepin County handles pre-trial release has no impact on the relevant factors here. As noted by Judge Thorson, being on electronic home monitoring for 2.5 months on pretrial release to Hennepin County after posting bond is not long enough to gauge Mr. Branch's overall behavior. In fact, despite a no-drug-use condition being part of his Hennepin County pretrial release, Mr. Branch reported during his August 18, 2022, federal pretrial evaluation that he used marijuana every day and had last used it the day before. Bond Report at p. 3. Additionally, when finding that Mr. Branch poses a risk of non-appearance, Judge Thorson noted that Mr. Branch has failed to appear for court on 34 past occasions—this does not exhibit respect for the justice system.

CONCLUSION

For all the foregoing reasons, as well as the Government's arguments at the detention hearing and the findings in Magistrate Judge Thorson's detention order, the Order

for Detention should be affirmed on de novo review, and the Court should find that no condition or combination of conditions will reasonably assure the safety of the community or the defendant's future appearance should the defendant be released pending trial.

Dated:   September 12, 2022            Respectfully submitted,

                                       ANDREW M. LUGER
                                       United States Attorney

                                       /s *Samantha H. Bates*
                                       BY: SAMANTHA H. BATES
                                       Assistant United States Attorney
                                       Attorney ID No. 0395002